## EXHIBIT "C"

## IN THE COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

| | |
|---|---|
| **JASON A. WHITACRE**<br>4917 Pebblehurst Drive,<br>Stow, OH 44224<br><br>    Plaintiff,<br><br>v.<br><br>**NATIONS LENDING<br>CORPORATION,**<br>4 Summit Park Drive, Suite 200<br>Independence, Ohio 44131<br><br>and<br><br>**LOANCARE, LLC**<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>    Defendants. | CASE NO.<br><br>JUDGE:<br><br><br><br><br>**COMPLAINT**<br><br><br><br>**JURY DEMAND ENDORSED<br>HEREON** |

Now comes Jason A. Whitacre ("Plaintiff"), and for his complaint against Defendants alleges as follows:

    1.    Plaintiff is a resident of Summit County, Ohio, with his primary residence located at 4917 Pebblehurst Drive, Stow, Ohio 44224.

    2.    In March 2015, Plaintiff and his wife purchased their residence and gave Defendant, Nations Lending Corporation ("NLC") a mortgage on the home.

    3.    The loan transaction was insured by the Federal Housing Authority (FHA) and is subject to all the guidelines, rule promulgations,

regulations and Mortgagee Letters issued by the United States Department of Housing and Urban Development (HUD).

4. Those guidelines were incorporated into the mortgage and are part of the contract terms.

5. HUD-Insured mortgages are eligible for Special Forbearances, which allow for a suspension of loan payments for up to twelve (12) months.

6. In 2015, Defendant, LoanCare, LLC ("LoanCare"), began servicing the loan on behalf of NLC and as its agent.

7. In December 2017, Plaintiff was let go from his employment.

8. Plaintiff immediately notified LoanCare and submitted a complete loss mitigation application, requesting the forbearance.

9. LoanCare did not respond for several weeks.

10. Finally, LoanCare eventually admitted to losing the package.

11. When LoanCare finally admitting to losing the paperwork in March 2018, Plaintiff was forced to submit an entirely new package.

12. Plaintiff immediately did so.

13. Throughout this, Plaintiff continued to make the regular monthly mortgage payments at great personal and financial hardship.

14. Without the HUD-required assistance by LoanCare, Plaintiff was eventually forced in April 2018 to take a position in Mayfield Heights, Ohio.

15. This position, taken under significant financial pressure exacerbated by LoanCare's acts, caused extreme stress to Plaintiff; it required a commute of nearly three (3) hours each day, included compensation at a fraction of Plaintiff's prior employment, and had mandatory billable hour requirements which drastically altered the quality of life of Plaintiff and his family.

16. By the time LoanCare finally reviewed the application package, LoanCare now claimed Plaintiff was ineligible for any assistance.

17. Plaintiff continued to make the required monthly mortgage payments.

18. Plaintiff eventually did fall behind on the payments.

19. On January 11, 2019, Plaintiff spoke with LoanCare personnel to bring the account current by making the payments due.

20. Plaintiff was told to pay $5,864.95 in order to bring the account current.

21. Plaintiff authorized the immediate electronic payment of that sum.

22. The sum was paid from Plaintiff's bank account.

23. Contrary to the requirements of the mortgage, and Plaintiff's conversation with LoanCare, LoanCare only applied a single mortgage payment to Plaintiff's account.

24. LoanCare waited three days to apply the second payment to Plaintiff's account, in violation of the mortgage documents, and state and federal law.

25. Rather than apply the third monthly payment, LoanCare instead improperly applied the amount to other items, including but not limited to the escrow account, a "Suspense Sweep," and alleged "Late Charges."

26. LoanCare reported Plaintiff's account to credit reporting agencies as late when the account was current.

27. LoanCare's reporting was false and improper.

28. Immediately after demanding nearly $6,000 to bring the loan current, on January 16, 2019, LoanCare demanded an additional $5,905.50 from Plaintiff.

29. Plaintiff tried to reach LoanCare by phone but its system prevented live contact, despite holding for nearly thirty (30) minutes at a time.

30. LoanCare autodials Plaintiff's phone number, but no agent is available when the call is answered, and LoanCare's automated system informs Plaintiff of the need to call the automated line.

31. LoanCare has conducted collection activity on weekends and on Sundays, sending an individual to Plaintiff's house on multiple occasions.

32. That individual has acted inappropriately and disturbed Plaintiff's quiet enjoyment of the home.

## COUNT ONE – BREACH OF CONTRACT

33. Plaintiff restates and realleges all the allegations in the preceding paragraphs as if fully re-written.

34. Plaintiff and NLC are parties to a contract.

35. That contract is evidence by a note and mortgage.

36. NLC assigned and/or delegated its responsibilities under the contract to LoanCare.

37. The parties' contract incorporates all the guidelines, rule promulgations, regulations and Mortgagee Letters issued by the United States Department of Housing and Urban Development (HUD).

38. Plaintiff performed under the contract.

39. On multiple occasions, NLC and LoanCare failed to fulfill their contractual obligations.

40. NLC and LoanCare also breached the covenant of good faith and fair dealing implicit in all contracts.

41. Plaintiff has suffered damages as a result.

## COUNT TWO – FRAUDULENT INDUCEMENT

42. Plaintiff restates and realleges all the allegations in the preceding paragraphs as if fully re-written.

43. NLC and LoanCare made representations to Plaintiff.

44. Those representations were material to the transaction at hand.

45. Those representations were made falsely, with knowledge of their falsity, or with such utter disregard and recklessness as to whether they were true or false that knowledge may be inferred.

46. NLC and LoanCare intended Plaintiff to rely upon those representations.

47. Plaintiff justifiably relied upon those representations.

48. NLC and LoanCare's false representations resulted in an injury to Plaintiff.

## COUNT THREE – PROMISSORY ESTOPPEL

49. Plaintiff restates and realleges all the allegations in the preceding paragraphs as if fully re-written.

50. NLC and LoanCare made clear and unambiguous promises to Plaintiff.

51. It was foreseeable and reasonable for Plaintiff to rely upon those promises.

52. Plaintiff relied upon the promises.

53. Plaintiff was injured as a result of that reliance.

## COUNT FOUR - CONVERSION

54. Plaintiff restates and realleges all the allegations in the preceding paragraphs as if fully re-written.

55. On January 11, 2019, Plaintiff had ownership of funds in his bank account.

56. By taking those funds under false pretenses and misapplying them, NLC and LoanCare wrongfully disposed of Plaintiff's property.

57. That conversion has caused damages to Plaintiff.

### COUNT FIVE – DECLARATORY JUDGMENT

58. Plaintiff restates and realleges all the allegations in the preceding paragraphs as if fully re-written.

59. There is a real controversy between the parties capable of resolution of this Court.

60. The controversy between the parties is justiciable.

61. Speedy relief is necessary to preserve the parties' rights.

62. Plaintiff seeks a declaratory judgment from this Court that:

   a. His account with NLC and LoanCare is current as of the date of the order of Declaratory Judgment;

   b. LoanCare shall immediately reinstate Plaintiff's loan and remove all amounts it claims is due and owing as of the date of the Order of Declaratory Judgment; and,

   c. NLC and LoanCare must, within ten (10) days of the date of the Order of Declaratory Judgment, correct and delete ALL negative credit reporting associated with Plaintiff's loan account.

## COUNT SIX – NEGLIGENCE

63. Plaintiff restates and realleges all the allegations in the preceding paragraphs as if fully re-written.

64. NLC and LoanCare maintained significant duties to Plaintiff in servicing his loan account.

65. NLC and LoanCare failed to discharge those duties in dealing with Plaintiff.

66. Plaintiff suffered significant economic and non-economic injury as a proximate result of NLC and LoanCare's failure to discharge their duties.

## COUNT SEVEN – NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

67. Plaintiff restates and realleges all the allegations in the preceding paragraphs as if fully re-written.

68. Plaintiff outlined the potential economic and non-economic (professional) damages to NLC and LoanCare repeatedly, yet they acted in contravention of HUD guidelines and regulations and with full knowledge of the severe consequences of their actions.

69. NLC and LoanCare knew or should have known that such an act would have the effect of causing serious emotional distress to Plaintiff.

70. The conduct of NLC and LoanCare is so extreme as to go beyond all possible bounds of decency and is intolerable in the community and in the environment in which this case was filed.

71. The actions of NLC and LoanCare were and are a direct and proximate cause of the injury to Plaintiff.

72. The injury to Plaintiff is serious and of a nature that no reasonable person could be expected to endure it.

## COUNT EIGHT – OHIO CONSUMER SALES PRACTICES ACT (OCSPA)

73. Plaintiff restates and realleges all the allegations in the preceding paragraphs as if fully re-written.

74. Nations Lending is a nonbank mortgage lender.

75. Nations Lending is a supplier under the OCSPA.

76. Plaintiff is a consumer under the OCSPA.

77. On its own, or through its servicing agent, LoanCare, Nations Lending committed unfair or deceptive acts or practices under R.C. 1345.02(F).

78. Nations Lending engaged in unconscionable consumer sales acts or practices in violation of R.C. 1345.03.

79. Nations Lending engaged in unconscionable acts in violation of R.C. 1345.031.

80. Plaintiff is entitled to damages, including but not limited to:
    a. Economic damages;
    b. Noneconomic damages;
    c. Treble damages; and,
    d. Court costs.

## COUNT NINE – TELEPHONE CONSUMER PROTECTION ACT (TCPA)

81. Plaintiff restates and realleges all the allegations in the preceding paragraphs as if fully re-written.

82. Plaintiff is a consumer protected by the Telephone Consumer Protection Act (TCPA).

83. Defendants have made repeated calls to Plaintiff's cellular phone without his authorization using an automated machine dialer.

84. Those calls ring to Plaintiff's cell phone without a live person on Defendants' end.

85. Plaintiff expressed his lack of consent to automated calls, but Defendants refused to stop the automated calls.

86. Each call constitutes a separated violation under the TCPA, entitling Plaintiff to damages of five hundred dollars ($500.00) per occurrence.

## COUNT TEN – TORTIOUS INTERFERENCE WITH CREDIT EXPECTANCY

87. Plaintiff restates and realleges all the allegations in the preceding paragraphs as if fully re-written.

88. Plaintiff had a clear expectation of obtaining credit in the near, and distant, future.

89. Plaintiff made that expectation clear to Defendants.

90. Defendants were, or should have been, aware of Plaintiff's credit expectancy.

91. Plaintiff has sought, and been denied, credit due to the credit reporting by Defendants.

92. Plaintiff has suffered damages as a result of Defendants" conduct.

WHEREFORE, Plaintiff, Jason A. Whitacre, respectfully requests damages against Defendants, Nations Lending Corporation and LoanCare, LLC, jointly and severally, in an amount to be proven at trial, but believe to exceed twenty-five thousand dollars $25,000.00), for court costs, for declaratory judgment that Plaintiff's loan account is current and ordering Defendants to remove all negative credit reporting from Plaintiff's loan account, and for any other relief this Court deems just and proper.

Respectfully Submitted,

*/s/Jason A. Whitacre*
Jason A. Whitacre (0077330), *pro se*
4917 Pebblehurst Drive
Stow, Ohio 44224

## JURY DEMAND

Plaintiff, Jason A. Whitacre, demands a trial by jury.

Respectfully Submitted,

*/s/Jason A. Whitacre*
Jason A. Whitacre (0077330), *pro se*
4917 Pebblehurst Drive
Stow, Ohio 44224