PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON A. WHITACRE, | ) | |
| | ) | CASE NO. 5:19CV809 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| NATIONS LENDING CORPORATION, *et al.*, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF No. 5] |
| Defendants. | ) | |

Pending before the Court is Plaintiff Jason Whitacre's Motion to Disqualify Counsel. ECF No. 5. Defendants Nations Lending Corporation and LoanCare, LLC have responded. ECF No. 9. Plaintiff has not replied, and his time to do so has passed. For the reasons that follow, the Court denies Plaintiff's motion.

**I. Background**

Plaintiff began working for Dinn, Hochman & Potter LLC ("DHP") as an attorney in April 2018. ECF No. 9-1 at PageID #: 144. During Plaintiff's employment with DHP, he was directly supervised by attorneys Thomas Barni and Benjamin Carnahan. ECF No. 5 at PageID #: 78. Attorneys Barni and Carnahan are counsel of record for Defendants. Attorneys Barni and Carnahan worked with Plaintiff while Plaintiff was employed at DHP on several cases. ECF No. 9-1 at PageID #: 145. Some of these cases involved lender and loan servicer litigation, and one or two of the cases may have involved Defendant as a client. *Id*. at PageID #: 145-46. Plaintiff

(5:19CV809)

worked with DHP for approximately nine months, until separating from employment in mid-January 2019. *Id.* at PageID #: 144.

Plaintiff filed suit in state court, alleging that Defendants violated state and federal law in handling his mortgage loan. ECF No. 1-3. Plaintiff claims that, shortly after he filed his lawsuit, Attorney Callahan called him. Attorney Callahan allegedly notified Plaintiff that "Plaintiff's Complaint had already been circulated amongst Plaintiff's former supervisors and co-workers." " ECF No. 5 at PageID #: 79. Plaintiff's "concerns [about DHP representing Defendants] were laughed at." *Id*.

Following removal, Plaintiff filed his motion to disqualify DHP from representing Defendants. ECF No. 5. He has filed no evidence in support of his motion.

## II. Legal Standard

Because motions to disqualify counsel are ripe for abuse, they are generally disfavored, and courts hesitate to grant them unless absolutely necessary. *See Melamed v. ITT Cont'l Baking Co.*, 592 F.2d. 290, 295 (6th Cir. 1979); *In re Valley-Vulcan Mold Co.*, 237 B.R. 322, 337 (B.A.P. 6th Cir. 1999). A motion to disqualify is properly granted when a moving party meets its burden of establishing the need for disqualification. *Nilavar v. Mercy Health Sys.-W. Ohio*, 143 F. Supp. 2d 909, 912 (S.D. Ohio 2001). The trial court need not hold an evidentiary hearing if the court's factual inquiry can be conducted based on affidavits and documents that would be acceptable under Rule 56, such evidence is adequate for appellate review, and the matter can be resolved without deciding disputed issues of fact. *General Mill Supply Co. v. SCA Servs., Inc.*, 697 F.2d. 704, 710 (6th Cir. 1982).

(5:19CV809)

### III. Analysis

Plaintiff argues that disqualification is proper under Ohio Prof. Cond. R. 3.7(a), claiming that his plans to call an unnamed DHP attorney as a witness during trial requires the disqualification of that attorney from representing Defendants. Separately, Plaintiff urges the Court to disqualify counsel under Ohio Prof. Cond. R. 1.7. He claims that, should a DHP attorney testify as a witness, a conflict of interest would arise between that attorney's interest in zealously representing her client and her interest in testifying truthfully.

**A. Ohio Prof. Cond. R. 3.7(a)**

Generally, a lawyer may not act as an advocate in a matter in which the lawyer is likely to be a "necessary witness." Ohio Prof. Cond. R. 3.7(a). A necessary witness is not simply one who provides relevant or even highly useful testimony. *Akron v. Carter*, 942 N.E.2d 409, 416 (Ohio Ct. App. 2010) (citation omitted). Rather, a necessary witness is one who provides testimony that is material and relevant to the issues being litigated and that the evidence is unobtainable elsewhere. *Id*. The Court should consider "the significance of the matters, weight of the testimony and availability of other evidence. A party's mere declaration of an intention to call opposing counsel as a witness is an insufficient basis for disqualification even if that counsel could give relevant testimony." *Id*.

Even if counsel is a necessary witness in the matter, counsel may still act as an advocate if "the testimony relates to an uncontested issue" or "the disqualification of the lawyer would work *substantial* hardship on the client." Ohio Prof. Cond. R. 3.7(a). The burden shifts to the

3

(5:19CV809)

non-moving party and their counsel to prove that one of these exceptions applies. *155 North High, Ltd. v. Cincinnati Ins. Co.*, 650 N.E.2d 869, 874 (Ohio 1995).

Plaintiff fails to show that opposing counsel is a necessary witness to this case. Rather, Plaintiff conclusively avers that "attorneys and employees at the DHP Firm will be needed to provide direct testimony regarding Plaintiff's claims and damages, as well as authenticate records supporting his claims. . . ." ECF No. 5 at PageID #: 82. He does not identify the individuals whom he claims are necessary witnesses. Nor has Plaintiff alleged how any DHP attorney would be a necessary witness to this suit, or how such testimony would be material and relevant to the issues being litigated and otherwise unobtainable.

**B. Ohio Prof. Cond. R. 1.7**

"A lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7[.]" Ohio Prof. Cond. R. 3.7(b). Under Rule 1.7, a conflict of interest may arise if "there is a *substantial* risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited by . . . the lawyer's own personal interests." *Id.* at R. 1.7(a)(2).

As a threshold matter, Plaintiff does not address whether he, as a non-client litigant, has standing to disqualify DHP from representing Defendants based on an alleged conflict of interest. *See Willis v. First Bank Nat. Ass'n*, 916 F.2d 714, at *1 (6th Cir. 1990) (Table) ("Finally, we note that plaintiff's standing to assert opposing counsel's alleged conflict of interest is questionable at best[.]").

(5:19CV809)

Moreover, Plaintiff fails to explain how a DHP lawyer's personal interest in testifying truthfully would create a substantial risk of materially limiting that lawyer's ability to represent Defendants in this matter. Rather, he asserts, without support, that "the DHP Firm's lawyers' interests in zealously representing Defendants will directly conflict with their personal interests when asked to testify truthfully about the facts raised in Plaintiff's Complaint." ECF No. 5 at PageID #: 83. "Depending on the circumstances, a lawyer's personal interest in testifying truthfully when called to do so under oath could create a conflict of interest with his client." *Akron v. Carter*, 942 N.E.2d 409, 417 (Ohio Ct. App. 2010). But Plaintiff does not allege how that would be the case in this instance. Instead, he nakedly asserts that "[a]ny testimony which proves or exacerbates Plaintiff's damages is in direct conflict with Defendants' interests." ECF No. 5 at PageID #: 83. Without more, this does not provide a basis for disqualification.

### IV. Conclusion

For the above reasons, the Court denies Plaintiff's Motion to Disqualify. ECF No. 5. Because the record before the Court is sufficient, the Court resolves Plaintiff's motion for disqualification without resolving disputed issues of fact. The Court also finds that an evidentiary hearing is unnecessary.

    IT IS SO ORDERED.

| | |
|---|---|
|    July 30, 2019    |   */s/ Benita Y. Pearson*   |
| Date | Benita Y. Pearson |
| | United States District Judge |

5