PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON A. WHITACRE, | ) | CASE NO. 5:19-CV-809 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| NATIONS LENDING CORPORATION, *et al.*, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | [Resolving ECF Nos. 25, 28] |
| Defendants. | ) | |

Pending is Defendant Nations Lending Corporation and Defendant LoanCare LLC's motion for summary judgment.  ECF No. 25.  Plaintiff Jason A. Whitacre has filed a response in opposition.  ECF No. 26.  Defendants have replied.  ECF No. 27.  For the reasons that follow, Defendants' motion is granted.

## I.  Background[1]

On March 9, 2015, Plaintiff obtained a mortgage loan from Nations Lending Corporation ("NLC") in the amount of $262,182.00 at an interest rate of 3.625 percent.  ECF No. 26-1 at PageID #: 416; ECF No. 25-1 at PageID #: 329, 333.  The mortgage loan has been serviced by LoanCare LLC ("LoanCare") since 2015.  ECF No. 26-1 at PageID #: 416.  Plaintiff's monthly mortgage payments are due on the first day of every month.  *Id.*  The mortgage note provides for

---

[1] The following facts are uncontested.

(5:19CV809)

a late charge if the monthly payment is not received by the end of fifteen calendar days after the payment becomes due. *Id.*

During 2018, Plaintiff failed to make timely mortgage payments and was notified that his loan was in default. *See id.*; ECF No. 25-1 at PageID #: 350-60. On January 11, 2019, Plaintiff spoke with a LoanCare agent in an attempt to pay off a portion of his outstanding balance. *See* ECF No. 26-1 at PageID #: 416. During their conversation, the LoanCare agent informed Plaintiff that his mortgage loan had been prepared for foreclosure. ECF No. 25-1 at PageID #: 352. The LoanCare agent also informed Plaintiff that the amount for three payments owed–for October 2018, November 2018, and December 2018–and a fifteen dollar fee for paying over the phone, totaled $5,864.95. *Id.* at PageID #: 352, 361. Before making the $5,864.95 payment, Plaintiff was informed that his January 2019 mortgage payment was still outstanding. *See* ECF No. 26-1 at PageID #: 416; ECF No. 25-1 at PageID #: 361. After making the $5,864.95 payment on January 11, 2019, Plaintiff did not make his January 2019 mortgage payment, nor did he make any subsequent payments toward his mortgage loan. *See* ECF No. 25-3 at PageID #: 382. Plaintiff owes $25,031.89 in outstanding mortgage payments.[2] ECF No. 25-1 at PageID #: 365.

Plaintiff filed this action against NLC and LoanCare alleging sixteen counts under federal and state law. ECF No. 4. Defendants filed a motion to dismiss, which the Court granted in part. ECF No. 23. The three remaining claims are for Breach of Contract (Count 1) against NLC;

---

[2] The amount owed was determined as of December 2019. *See* ECF No. 25-1 at PageID #: 331, 365.

2

(5:19CV809)

Violation of 12 C.F.R. § 1026.36 (Count 11) against LoanCare; and Declaratory Judgment

(Count 5).  *Id.*

## II.  Standard of Review

Summary judgment is appropriately granted when the pleadings, the discovery and

disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a);

*see also Johnson v. Karnes*, 398 F. 3d 868, 873 (6th Cir. 2005).  The moving party is not

required to file affidavits or other similar materials negating a claim on which its opponent bears

the burden of proof, so long as the movant relies upon the absence of the essential element in the

pleadings, depositions, answers to interrogatories, and admissions on file.  *Celotex Corp. v.

Catrett*, 477 U.S. 317, 322 (1986).  The moving party must "show that the non-moving party has

failed to establish an essential element of his case upon which he would bear the ultimate burden

of proof at trial."  *Guarino v. Brookfield Twp. Trs.*, 980 F. 2d 399, 403 (6th Cir. 1992).

Once the movant makes a properly supported motion, the burden shifts to the non-moving

party to demonstrate the existence of a genuine dispute.  An opposing party may not simply rely

on its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be

resolved by a jury."  *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).  To defeat the

motion, the non-moving party must "show that there is doubt as to the material facts and that the

record, taken as a whole, does not lead to a judgment for the movant."  *Guarino*, 980 F.2d at 403.

In reviewing a motion for summary judgment, the Court views the evidence in the light most

favorable to the non-moving party when deciding whether a genuine issue of material fact exists.

3

(5:19CV809)

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Aickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

"The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . ." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The fact in dispute must be "material," and the dispute itself must be "genuine." A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Scott*, 550 U.S. at 380. In determining whether a factual issue is "genuine," the Court assesses whether the evidence is such that a reasonable jury could find that the non-moving party is entitled to a verdict. *Id.* ("[Summary judgment] will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the non-moving party.").

## III. Analysis

### A. Breach of Contract (Count 1)

In Count 1, Plaintiff alleges that NLC breached the parties' mortgage agreement by wrongly demanding additional payments from Plaintiff, incorrectly determining Plaintiff's account status, and causing damages to Plaintiff. ECF No. 15 at PageID #: 238. NLC argues that Plaintiff has failed to prove the elements of his breach of contract claim and therefore it is entitled to judgment as a matter of law. ECF No. 25 at PageID #: 319-22.

In Ohio, a claim for breach of contract requires proof of four elements: existence of a contractual relationship between the parties; performance under the contract by the party seeking recovery for the breach; breach of the contract by the party against which relief is sought; and

4

(5:19CV809)

damages to the party seeking relief resulting from the breach.  *Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 565 (6th Cir. 2006) (citing *Wauseon Plaza Ltd. P'ship v. Wauseon Hardware Co.*, 807 N.E.2d 953, 957 (Ohio Ct. App. 2004)).  Individuals cannot maintain a breach of contract action when they themselves failed to substantially perform under the contract terms.  *Mtge. Elec. Registration Sys. v. Mosley*, 2010 WL 2541245, *11 (Ohio Ct. App. June 24, 2010); *see also Wauseon*, 807 N.E.2d at 957 ("Generally, a breach of contract occurs when the non-breaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the non-breaching party suffered damages as a result of the breach.").

The record reveals Plaintiff failed to comply with the terms of the parties' mortgage loan.  ECF No. 25-1 at PageID #: 349-61.  Plaintiff was required to make monthly mortgage payments on the first day of every month for the duration of the loan agreement.  He temporarily stopped making monthly mortgage payments for the months of October, November, and December of 2018.  *Id.* at PageID #: 352.  After paying enough money to halt foreclosure proceedings, Plaintiff ceased making mortgage payments altogether.[3]  *Id.* at PageID #: 331.  As Plaintiff has not alleged facts to prove his own performance, he is unable to satisfy his breach of contract claim.

_____

[3] Plaintiff admits he has made no further payments toward his mortgage loan since January 11, 2019.  *See* ECF No. 25-3 at PageID #: 382.  Defendant avers Plaintiff has since been living at the mortgaged property without making mortgage payments and provides evidence demonstrating Plaintiff owes $25,031.89 in late payments.  ECF No. 25-1.  Plaintiff does not deny that his mortgage loan is currently in default.  *See* ECF No. 26-1.

(5:19CV809)

Plaintiff has also failed to show any damages, a necessary element to any breach of

contract action.  *See Raze Int'l Inc. v. Se. Equip. Co., 69 N.E.3d 1274, 1289 (Ohio Ct. App.*

*2016)* ("Under Ohio law, a claimant seeking to recover for breach of contract must show damage

as a result of the breach.  Damages are not awarded for a mere breach of contract."); *Byers*

*DiPaola Castle, L.L.C. v. Portage Cty. Commrs., 41 N.E.3d 89, 95 (Ohio Ct. App. 2015)*

("Without damages, there can be no remedy for breach of contract.").

Plaintiff has failed to show that he is entitled to relief on his breach of contract claim

against NLC.  Accordingly, summary judgment is granted on this claim.

**B.  Violation of 12 C.F.R. § 1026.36(c) (Count 11)**

In Count 11, Plaintiff alleges LoanCare violated 12 C.F.R. § 1026.36(c)(1) of the Truth in

Lending Act ("TILA") when it failed to credit a $5,864.95 payment he made on January 11,

2019.  ECF No. 4. at PageID #: 67-68.  LoanCare argues Plaintiff has failed to present sufficient

evidence of a violation under Section 1026.36(c)(1), or actual damages, and therefore Defendant

is entitled to entry of judgment in its favor.  *See* ECF No. 25 at PageID #: 322-24.

Plaintiff's evidence demonstrates that LoanCare accepted and applied payment for the

months of October, November, and December 2018.  *See* ECF No. 26 at PageID #: 429; ECF No.

26-2 at PageID #: 421.  Defendants' evidence corroborates LoanCare's acceptance and

application of payment, as Plaintiff and the LoanCare agent discussed on January 11, 2019.  *See*

ECF No. 25-1 at PageID #: 331, 346.

Plaintiff complains LoanCare held a portion of the $5,864.95 payment in a suspense

account at the time of payment.  Even if that were the case, the regulation authorizes this action.

6

(5:19CV809)

Section 1026.36(c) permits a loan servicer to retain "partial payments" in a suspense account when a payment does not qualify as a full or "periodic" payment.[4]  *See* 12 C.F.R. § 1026.36(c)(1)(ii).[5]  The regulator's interpretation[6] of 12 C.F.R. § 1026.36(c)(1)(ii) provides that a loan servicer who "receives a partial payment from a consumer, to the extent not prohibited by applicable law or the legal obligation between the parties, . . . <u>may</u> take any of the following actions: (i) Credit the partial payment upon receipt. (ii) Return the partial payment to the consumer. (iii) Hold the payment in a suspense or unapplied funds account."  CONSUMER FINANCIAL PROTECTION BUREAU, OFFICIAL INTERPRETATION OF 12 C.F.R. §1026.36, https://www.consumerfinance.gov/policy-compliance/rulemaking/regulations/1026/36/#c-l-iii (emphasis added).

---

[4] Under 12 C.F.R. § 1026.36, a periodic payment is defined as "an amount sufficient to cover principal, interest, and escrow for a given billing cycle." 12 C.F.R. § 1026.36 (c)(1)(i).  A partial payment is defined as "any payment less than a periodic payment."  12 C.F.R. § 1026.36 (c)(1)(ii).

[5] Any servicer that retains a partial payment, meaning any payment less than a periodic payment, in a suspense or unapplied funds account shall: (A) Disclose to the consumer the total amount of funds held in such suspense or unapplied funds account on the periodic statement as required by § 1026.41(d)(3), if a periodic statement is required; and (B) On accumulation of sufficient funds to cover a periodic payment in any suspense or unapplied funds account, treat such funds as a periodic payment received in accordance with paragraph (c)(1)(i) of this section.

[6] Neither party has cited any decisional law addressing the loan servicer's rights and obligations under the provision.  The Court has located none.  Accordingly, the Court relies on regulation itself and the regulator's interpretation of the provision.

(5:19CV809)

Plaintiff was contractually obligated to make timely mortgage payments on his account. He did not do so.[7]  Because the $5,864.95 amount Plaintiff paid on January 11, 2019 was not sufficient to cure the default on his account, LoanCare was within its rights under the regulations and the parties' mortgage agreement to place a portion of the funds in a suspense or "unapplied funds" account.  *See* *Webb v. Chase Manhattan Mortg. Corp.*, 2:05-CV-0548, 2008 WL 2230696, at *6 (S.D. Ohio May 28, 2008) (recognizing loan servicer's right to hold partial payments insufficient to bring a plaintiff's account current); *Roes v. Specialized Loan Servicing, LLC*, 1:17-CV-00246, 2018 WL 3636543, at *4 (E.D. Tenn. July 31, 2018); *Davis v. Bank of Am. Corp.*, 1:10-CV-23-HSO-JER., 2013 WL 141150 at *5 (S. D. Miss. Jan. 11, 2013) (finding bank was within its right to accept and retain partial payments, and plaintiff's claim that defendant did not properly apply payments and unlawfully held partial payments failed as a matter of law).

In seeking to defeat Defendant's Motion for Summary Judgment, Plaintiff baldly states, "Plaintiff made the required payment; they simply had to apply it properly under the terms of the contract."  ECF No. 26 at PageID #: 408.  Conclusory allegations such as these are insufficient to

---

[7] Plaintiff's mortgage was reinstated on January 11, 2019 given his payments for October 2018, November 2018, and December 2018.  ECF No. 25-1 at PageID #: 331, 365.  But this did not bring his account "current" as Plaintiff suggests.  The referral of foreclosure was removed and Plaintiff was advised that his January 2019 payment remained outstanding.  While Plaintiff's payment addressed three of his four outstanding monthly mortgage payments, he does not allege that he made a mortgage payment for January 2019–or any month after that.  Plaintiff's own evidence suggests he has persisted in failing to make timely mortgage payments.  *See* ECF No. 26-4.

(5:19CV809)

defeat a motion for summary judgment.  *See Allison v. Martin*, No. 12-1057, 2013 WL 7141274, at *2 (6th Cir. Apr. 11, 2013).  LoanCare has, however, submitted evidence showing it complied with Section 1026.36(c) by applying the $5,864.95 payment to the 2018 mortgage payments. ECF No. 25-1.  No amounts are unapplied and Plaintiff asserts no evidence to the contrary.[8]  *See Id.* at PageID #: 365.

Importantly, Plaintiff must be able to show a "concrete injury" under Section § 1026.36(c) to be entitled to relief under the regulation.  *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1549 (2016) (requiring concrete injury in the context of a statutory violation); *see also Jamison v. Bank of Am., N.A.*, 194 F. Supp. 3d 1022, 1028 (E.D. Cal. 2016).  Plaintiff has not alleged sufficient facts to establish any concrete injury.  *See Jones v. Vericrest Fin., Inc.*, 1:11-CV-2330-TWT-CCH, 2011 WL 7025915, at *19 (N.D. Ga. Dec. 7, 2011) (finding even if plaintiff sufficiently alleged a violation under TILA and related regulations, claim would be dismissed since "Plaintiff has not included any factual allegations explaining how [defendant's actions] . . . caused her to suffer any damages.").  Plaintiff's lone declaration, asserting that $77.70 in late fees ballooned to $783.75 as of February 19, 2019 (ECF No. 26-1 at PageID #: 418) is not evidence of concrete harm under Section 1026.36(c).  It is an indicator of Plaintiff's persistent default on his mortgage payments.

---

[8] In his response to interrogatories, Plaintiff was also unable to identify which, if any, payments Defendant failed to apply in violation of 12 C.F.R. § 1026.36(c)(1)(ii). *See* ECF No. 25-2 at PageID #: 373.

(5:19CV809)

Plaintiff does not contest that he is currently in default on his mortgage loan, or that he owes a significant amount of outstanding mortgage payments.  As Plaintiff has not demonstrated "actual harm" suffered as a result of LoanCare's alleged violation of Section 1026.36(c), this bars him from recovery under the regulation.  *See* *Van Hoose v. Athens First Bank & Tr.*, 3:16-CV-50-CDL, 2017 WL 4863236, at *6 (M.D. Ga. Apr. 12, 2017), *aff'd*, 735 F. App'x 699 (11th Cir. 2018) (finding no actual harm under TILA regulations when Plaintiff stopped making payments on the mortgage, constituting default).

Upon a review of the evidence in the light most favorable to Plaintiff, the Court finds Plaintiff has failed to set forth sufficient facts entitling him relief on his claim under Section 1026.36(c)(1).  Accordingly, LoanCare's request for summary judgment is granted on this claim.

### C.  Declaratory Judgment (Count 5)

Plaintiff seeks a declaratory judgment holding that (1) Plaintiff's account was current as of January 11, 2019 and (2) Defendant must "fix Plaintiff's credit reporting" and "advis[e] the Department of Housing and Urban Development of [Defendants'] mistakes."  ECF No. 26 at PageID #: 409.

The Declaratory Judgment Act states that "in a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201.  The Supreme Court has emphasized the discretionary nature of the Act.  *See e.g.*, *Green v. Mansour*, 474 U.S. 64, 72, 106 S.Ct. 423 (1985) (The statute "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.").  Before granting or denying such relief, a court must

10

(5:19CV809)

determine whether an "actual controversy" exists within the meaning of the Declaratory

Judgment Act.  28 U.S.C. § 2201.  Although there is no precise definition as to what is or is not

an "actual controversy," at the very least the facts averred must present between adverse parties a

substantial controversy of "sufficient immediacy and reality" as to warrant a declaratory

judgment.  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citing *Maryland*

*Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

     Because Plaintiff's remaining claims have been disposed of on summary judgment as set

forth above, there is no "actual controversy" left for the Court's adjudication.  Accordingly,

summary judgment is entered in favor of Defendants on Plaintiff's declaratory judgment claim.

### IV.  Conclusion

     For the foregoing reasons, Defendants' Motion for Summary Judgment (ECF No. 25) is

granted.[9]  A separate judgment entry shall issue.

     IT IS SO ORDERED.


    August 31, 2020                    /s/ Benita Y. Pearson
Date                                     Benita Y. Pearson
                                         United States District Judge

---

     [9] Plaintiff's Motion for Order Referring Case to Mediation (ECF No. 28) is denied
as moot.

11